UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY HOUSEKNECHT,

                                    Plaintiff,

            v.                                                 Civil Action No. _____

WILLIAMS & FUDGE, INC.,

                                    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff Jeffrey Houseknecht is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Williams & Fudge, Inc. is a foreign business corporation organized and existing under the laws of the State of South Carolina, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Jeffrey Houseknecht incurred a tuition obligation to Genesee Community College in or about 2004. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That the Plaintiff initially enrolled as a full time student at Genesee Community College for the Spring, 2004 semester. However, Plaintiff timely dropped all but one of those classes and remained liable to pay only for the one class he attended.

12. The approximate tuition for the one class that Plaintiff attended was approximately $300.00. However, the Defendant maintains that Plaintiff owes approximately $3,000,00, which would be the cost if Plaintiff had not timely dropped his classes in 2004.

13. Plaintiff admits having defaulted upon the debt of approximately $300.00, but denies Defendant's claim that he has defaulted on a debt of approximately $3,000.00.

14. After Plaintiff's alleged default, Defendant was employed by Genesee Community College to attempt to collect the subject debt.

15. Plaintiff timely disputed the subject debt with the Defendant as provided for in 15 U.S.C.§1692g.

16. The Defendant did not provide adequate verification of the debt. Although an account statement was provided to Plaintiff by the Defendant, it was virtually unintelligible. Plaintiff was unable to determine from the account statement the basis of Defendant's claim that Plaintiff owed Genesee Community College almost $3,000.00. The least sophisticated consumer, as that term is defined by law, would also have been unable to determine the balance due on the account.

17. In or about May of 2011, the Defendant called and spoke to the Plaintiff's neighbor, who lived across the hall from Plaintiff in a different residential unit. During that telephone call, the Defendant asked his neighbor to leave Plaintiff a message to call them. As requested, Plaintiff's neighbor immediately left Plaintiff the message as requested.

However, she did not disclose to Plaintiff that the call was from a debt collector as she had not been told that fact by the Defendant.

18. In or about May of 2011, the Defendant called Plaintiff's neighbor a second time. This time, the Defendant asked her to knock on Plaintiff's door and hand the telephone to him so they could talk to him. Plaintiff's neighbor knocked on Plaintiff's door. Plaintiff answered the door and, after being handed the telephone by her, spoke to the Defendant on the telephone. The Plaintiff pretended that the call was not from a debt collector to avoid embarrassment.

19. That at the times the Defendant called Plaintiff's neighbor, they knew Plaintiff's location information and telephone number.

20. Plaintiff suffers from a seizure condition.

21. Plaintiff's seizures are often caused by mental stress.

22. Plaintiff became extremely upset and stressed about the telephone call described in paragraph 18 herein. As a result of that stress, Plaintiff suffered a seizure in which he lost consciousness, fell to the ground, and cut open his forehead. The seizure and Plaintiff's fall occurred in front of Plaintiff's two year old son who became very upset and began crying.

23. That as a result of Defendant's acts, Plaintiff also became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

24. Plaintiffs repeat, reallege and incorporate by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692f(1), §1692e(2)(A), and §1692e(10) by attempting to collect a debt that Plaintiff did not owe.

    B. Defendant violated 15 U.S.C.§1692g(b) by continuing to attempt to collect the subject debt despite having failed to provide Plaintiff with adequate verification of the subject debt.

    C. Defendant violated 15 U.S.C. §1692c(b), §1692b(1), and §1692b(3) by failing to limit the content of their communications with Plaintiff's neighbor to obtaining location information for Plaintiff, and by calling her on more than one occasion.

D. Defendant violated 15 U.S.C.§1692d because their intention of calling Plaintiff's neighbor was to upset and harass Plaintiff.

E. Defendant violated 15 U.S.C.§1692e(11) by failing to disclose in their communications to Plaintiff, made through Plaintiff's neighbor that they were a debt collector.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff suffered a seizure and a physical injuries, became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 9, 2011

/s/ Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        kirving@kennethhiller.com